IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY COLE, § | |
| #57385-177, § | |
| MOVANT, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-912-B-BK |
| § | (CRIMINAL CASE NO. 3:18-CR-377-B-1) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Rickey Cole's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

Cole pled guilty to possession of a firearm by a felon and, on May 31, 2019, was sentenced to 51 months' imprisonment and a one-year term of supervised release. Crim. Doc. 38.[2] His direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). Crim. Doc. 52. On April 19, 2021, Cole timely filed this § 2255 motion. Doc.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case: *United States v. Cole*, No. 3:18-CR-377-B-1 (N.D. Tex. May 31, 2019).

2. He claims ineffective assistance of counsel, challenges his sentence as excessive, and asserts broad-based claims under the Fifth and Fourteenth Amendments. Doc. 2 at 5-8.

After review of the pleadings and the applicable law, the Court concludes that Cole's claims are vague, conclusory and meritless. The Section 2255 motion should therefore be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under Section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Sentencing Claims are Conclusory, Procedurally Barred, and Meritless

Cole asserts his sentence was "in excess of punishment" because he "was subject to a sentence far in excess of § 3553 (need for deterance [sic]) and in violation of the Eighth Amendment of the Constitution of the United States of America, which prejudiced the outcome of the case." Doc. 5 at 5. Cole also vaguely asserts violations of the Fifth and the Fourteenth Amendments:

> Defendant was denied the Fifth Amendment of the Constitution in the denial of due process and furthermore by the denial to be able to confront his accuser and was used to be a witness against himself, which prejudiced the case at bar.
>
> ***
>
> Defendant was subject to denial of liberty and property and due process as a U.S. citizen which prejudiced the case at bar and in violation of Fourteenth Amendment of the Constitution of the United States of America.

Doc. 4 at 7-8.

Cole's claims are fatally vague and conclusory. Having failed to raise them on direct appeal, they are also procedurally defaulted absent a showing of both (1) cause excusing his procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case…in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Shaid*, 937 F.2d at 232 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). That's not the case here, as Cole does not allege anything that would meet either the cause and prejudice or the actual innocence requirements. As such, his claims should not be considered.[3]

In addition, Cole's claim that the Court erred at sentencing, when it failed to properly consider all of the § 3553(a) sentencing factors, is not cognizable on § 2255 review. Insofar as Cole challenges the application of the § 3553(a) factors and the reasonableness of his sentence, he does not assert a constitutional or jurisdictional claim of error. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). Cole asserts instead an error in the application of statutory law, which is not cognizable under the limited scope of § 2255 because it is not of constitutional dimension and it could have been raised on direct appeal. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines … are not cognizable in § 2255 motions.");

---

[3] Courts can invoke procedural bars *sua sponte* but only after giving the movant an opportunity to respond. *See Willis,* 273 F.3d at 596-97. Cole will have a chance to oppose the procedural default determination during the 14-day period for filing objections to this report and recommendation. *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

*United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) ("[A]n attack on the district court's upward departure is not cognizable in a § 2255 action.").

That notwithstanding, the record reveals that the Court was aware of the sentencing factors and applied them at sentencing. Crim. Doc. 46 at 16-18 (*Sentencing Tr.*). In refusing defense counsel's request for a downward variance, the Court emphasized Cole's lengthy criminal history. Crim. Doc. 46 at 17. The Court also concluded that the 51-month sentence (which was at the low end of the 51-63 months guideline range) was fair and "not more than it should be to carry out the purposes of our sentencing statute" and that it provided "just punishment" and it would "deter others, and that's the most important thing here." Crim. Doc. 46 at 17-18 ("We have to deter others who are in those apartments, selling those drugs in that bad part of town, and we want to send them a message.").

Further, any Confrontation clause violation Cole attempts to assert is unavailing. Doc. 2 at 7. Because Cole pled guilty, the Confrontation Clause is not implicated. *Cf. Crawford v. Washington*, 541 U.S. 36, 53–54 (2004) (summarizing that the confrontation clause bars the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination"). Additionally, "[t]here is no Confrontation Clause right at sentencing and nothing in *Crawford* indicates that it is applicable to sentencing proceedings." *United States v. Underwood*, 194 F. App'x 215, 216 (5th Cir. 2006) (per curiam) (citing *United States v. Navarro*, 169 F.3d 228, 286 (5th Cir. 1999)).

B. **Ineffective Assistance of Counsel Claim also Fails**

Cole's ineffective assistance claim is also fatally vague and conclusory. He asserts *in toto*: "In the criminal case at bar defendant was subject to ineffective or deficient assistance of

counsel in violation of the Sixth Amendment of the Constitution of the United States of America which prejudiced the outcome of the case." Doc. 2 at 4. Cole's claim is clearly devoid of factual enhancement and, thus, insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation explaining what counsel did or failed to do, Cole fails to raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Finally, insofar as Cole alleges ineffective assistance of counsel at sentencing (because his sentence was excessive, as alleged in the second ground), he fails to show how he was prejudiced—that is, how counsel's actions resulted in an increase in his sentence. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). As previously explained, the Court found his 51-month sentence was justified based on the sentencing factors.

### III.   CONCLUSION

For the foregoing reasons, Cole's Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING

Section 2255 Proceedings.

**SO RECOMMENDED** on April 29, 2021.

_[signature]_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).